```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:10-cr-10-FtM-29MRM

SEBASTIAN ANDRES - MANUEL
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Verified Motion to Withdraw Guilty Plea (Doc. #89) filed on March 12, 2016. The United States' Opposition (Doc. #98) to the motion was filed on April 21, 2016. For the reasons set forth below, the motion is denied.

On February 19, 2016, defendant entered a plea of guilty before a magistrate judge to the one count of the Indictment while represented by counsel. (Docs. ##81, 98-1.) The undersigned accepted the guilty plea without objection on February 26, 2016. (Doc. #85.) On February 29, 2016, defendant's prior counsel was allowed to withdraw and new counsel was appointed. (Doc. #86.) On March 12, 2016, new counsel for defendant filed the motion to withdraw the guilty plea. (Doc. #89.) Defendant asserts that his prior counsel made material misrepresentations to him in order to persuade him to enter the guilty plea, specifically that prior counsel told him that he would be sentenced to time served and he

would be permitted to serve the remainder of his State of Florida sentence (approximately 19 months) in federal prison. (Id.)

A defendant in a criminal case has no absolute right to withdraw a guilty plea prior to the imposition of sentence. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). However, pursuant to Federal Rule of Criminal Procedure 11(d), a defendant may be permitted to withdraw an accepted guilty plea before the court imposes sentence, if defendant establishes a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden on his motion to withdraw his guilty plea. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006) (citation omitted). Whether to grant a motion to withdraw a guilty plea is a matter within the sound discretion of the district court. Id.

In determining whether a defendant has shown a "fair and just reason," the court evaluates the totality of the circumstances, including: (1) whether the defendant had close assistance of counsel; (2) whether his plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced by the withdrawal. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (citing Buckles, 843 F.2d at 472); United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003) (citation omitted). If defendant does not satisfy the first two prongs of the Buckles analysis, the court

need not "give particular attention" to the others. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). The district court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." Buckles, 843 F.2d at 473 (citations omitted).

To lawyers, defendant's allegation that he was told he would receive a time-served federal sentence yet would be allowed to serve the remainder of his state sentence in federal prison makes no sense. Nonetheless, assuming defendant was given this information by his attorney prior to his guilty plea, any such understanding was corrected by the magistrate judge during the guilty plea colloquy. The magistrate judge painstakingly advised defendant of all of the Rule 11 requirements and made sure defendant understood the charge, the penalties, and his rights. The magistrate judge correctly advised defendant of the penalties and made sure defendant understood them. (Doc. #98-1, pp. 15-16.) The magistrate judge explained the Sentencing Guidelines to defendant, and told defendant that the sentencing judge "has the authority to impose any sentence up to the maximum allowed by law." (Id. at 17.) The magistrate judge further told defendant that

"[t]he sentence that the district judge imposes may be different than any estimated sentence or anyone else has given you.  In fact, it might be higher than you expect.  If that happens, you would still be bound by your guilty plea, and you would not have the right to withdraw it."  (Id. at 18.)  Defendant stated he understood this, as well as everything he was told. (Id. at 18-20.)  Defendant told the magistrate judge that no one had made any promises or assurances of any kind in order to induce him to plead guilty (id. at 22), and confirmed that at the time he did not know what sentence he would receive, (id. at 23).  Defendant declined the opportunity to say anything further to the magistrate judge.  (Id. at 25.)  The magistrate judge found defendant was alert and intelligent; that he understood the charge, penalties, and consequences of pleading guilty; that his decision to plead guilty was made freely, voluntarily, knowingly, and intelligently; and that he had received the advice and assistance of a competent attorney. (Id. at 26-27.)  Defendant agreed with these findings. (Id. at 27.)  Neither defendant nor anyone else talked about promises of a time-served sentence or service of the state sentence in federal prison.

The Court finds that defendant had the close assistance of competent counsel and that defendant's guilty plea was knowingly and voluntarily entered.  If anything near the representations alleged were made to defendant, he clearly understood the correct

state of things based upon the information from the magistrate judge.  The last two factors both also weigh against defendant.

Accordingly, it is hereby

**ORDERED:**

Defendant's Verified Motion to Withdraw Guilty Plea (Doc. #89) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of May, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record